Eastern District of Kentucky
**F I L E D**

SEP 1 6 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

**COREY TAYLOR,**
        **Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS,**
        **Serve:**
            United States Attorney
            Eastern District of Kentucky
            260 West Vine Street, Suite 200
            Lexington, Kentucky 40507

-and-

**LIEUTENANT KEVIN C. PEARCE, JR.,** *in his official and individual capacity,*
        **Serve:**
            United States Attorney
            Eastern District of Kentucky
            260 West Vine Street, Suite 200
            Lexington, Kentucky 40507

            and

            1197 Airport Road
            Inez, Kentucky 41224

-and-

**CASE NUMBER:**_____

**CORRECTIONAL OFFICER
CLINTON L. PAULEY,** *in his official
and individual capacity,*
> **Serve:**
>> United States Attorney
>> Eastern District of Kentucky
>> 260 West Vine Street, Suite 200
>> Lexington, Kentucky 40507
>>
>> and
>>
>> 1197 Airport Road
>> Inez, Kentucky 41224

**CORRECTIONAL OFFICER
SAMUEL J. PATRICK,** *in his official
and individual capacity,*
> **Serve:**
>> United States Attorney
>> Eastern District of Kentucky
>> 260 West Vine Street, Suite 200
>> Lexington, Kentucky 40507
>>
>> and
>>
>> 1197 Airport Road
>> Inez, Kentucky 41224

**JOHN DOE's 1 - 5**, *in their official and
individual capacity,*
> **Serve:**
>> United States Attorney
>> Eastern District of Kentucky
>> 260 West Vine Street, Suite 200
>> Lexington, Kentucky 40507
>>
>> and
>>
>> 1197 Airport Road
>> Inez, Kentucky 41224

**JANE DOE 1,** *in her official and individual capacity,*

        **Serve:**
          United States Attorney
          Eastern District of Kentucky
          260 West Vine Street, Suite 200
          Lexington, Kentucky 40507

          and

          1197 Airport Road
          Inez, Kentucky 41224

        **Defendants.**

---

## VERIFIED COMPLAINT
## AND JURY DEMAND
### *    *    *    *    *    *

---

The Plaintiff Corey Taylor ("Taylor" or "Plaintiff"), proceeding *pro se*, brings this Complaint against defendants Federal Bureau of Prisons ("BOP"), Lieutenant Kevin C. Pearce, Jr. ("Pearce"), Correctional Officer Clinton L. Pauley ("Pauley"), Correctional Officer Samuel J. Patrick ("Patrick"), John Doe 1-5 ("John Doe Defendants'"), and Jane Doe ("Jane Doe Defendant") (Collectively "Defendants") and alleges as follows:

### INTRODUCTORY STATEMENT

Taylor, a federal inmate who was at all relevant times housed at United States Penitentiary Big Sandy ("USP Sandy"), was viciously assaulted by BOP employees following his request to enter into protective custody. Specifically, Pearce, Pauley, and Patrick assaulted Taylor. Following the assault, Taylor was escorted to medical by Pearce, and in an effort to intimidate Taylor, Pearce stayed in the examination room while Taylor received treatment. Jane

3

Doe a BOP employee and medical professional, ignored Taylor's right to medical privacy and made no effort to remove Pearce from the examination room. Once Taylor was placed in the Special Housing Unit ("SHU"), he requested on multiple occasions to be provided with the forms necessary to file an administrative grievance against Pearce, Pauley, and Patrick. Taylor made this request to the John Doe Defendant's, and each refused to provide him with the forms.

## PARTIES

1.      Plaintiff Corey Taylor is an inmate committed to the custody and control BOP by virtue of a judgment of conviction in the United States District Court in and for the District of Southern District of Iowa. The United States Marshal service has assigned an identification number of 18421-030 to Taylor. As of the filing of this Verified Complaint, Taylor is housed at United States Penitentiary Atwater located within the geographical boundaries of the State of California.

2.      Defendant Federal Bureau of Prisons is a United States federal law enforcement agency. A subdivision of the United States Department of Justice, BOP is responsible for the administration of the federal prison system. As such, the United States of America may be substituted as a defendant.

3.      Defendant Lieutenant Kevin C. Pearce, Jr. was at all relevant times an employee of the BOP and assigned to USP Big Sandy. The current mailing address for Pearce is unknown to the Plaintiff, the physical address of his employer BOP is provided. Based upon the Plaintiff's informed belief, the full address of Pearce is known to Defendant BOP.

4.      Defendant Correctional Officer Clinton L. Pauley was at all relevant times an employee of the BOP and assigned to USP Big Sandy. The current mailing address for Pauley

is unknown to the Plaintiff, the physical address of his employer BOP is provided. Based upon the Plaintiff's informed belief, the full address of Pauley is known to Defendant BOP.

5.     Defendant Correctional Officer Samuel J. Patrick was at all relevant times an employee of the BOP and assigned to USP Big Sandy. The current mailing address for Patrick is unknown to the Plaintiff, the physical address of his employer BOP is provided. Based upon the Plaintiff's informed belief, the full address of Patrick is known to Defendant BOP.

6.     Defendant John Doe's 1-5 were at all relevant times employees of the BOP and assigned to USP Big Sandy as Correctional Officers. The full name of the John Doe Defendant's is unknown to the Plaintiff but will be fully identified through the course of discovery. When the full name of each of the John Doe Defendant's become available, Plaintiff will amend his Complaint to fully identify them. Based upon the Plaintiff's informed belief, the full name of each of the John Doe Defendant's is known to Defendant BOP along with their mailing address for service of process.

7.     Defendant Jane Doe was at all relevant times an employee of the BOP and assigned to USP Big Sandy as a medical services professional. The full name of the Jane Doe Defendant is unknown to the Plaintiff but will be fully identified through the course of discovery. When the full name of the Jane Doe Defendant become available, Plaintiff will amend his Complaint to fully identify her. Based upon the Plaintiff's informed belief, the full name of the Jane Doe Defendant is known to Defendant BOP along with her mailing address for service of process.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claims pursuant to 28 U.S.C. §1346(b)(1).  Prior to bringing this action, Plaintiff has exhausted his FTCA claims.  The United States' final denial letter is dated March 16, 2022. According to publicly available records from the United States Postal Service, the denial letter was not mailed until November 9, 2021.

9.     This Court has jurisdiction over Plaintiff's civil rights claims, asserted under 42 U.S.C. §1983, pursuant to *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)*.

10.     This Court has pendant jurisdiction over Plaintiff's state tort claims. Alternatively, this Court has jurisdiction over Plaintiff's state tort claims pursuant to 28 U.S.C. §1332 as complete diversity exists between the parties.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

12.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

13.     Based upon Plaintiff's informed belief, the BOP is part of the Department of Justice and is supervised by the Attorney General of the United States.

14.     Based upon Plaintiff's informed belief, the BOP is chiefly responsible for housing defendants sentenced to a custodial term of incarceration for offenses against the United States.

15.     Based upon Plaintiff's informed belief, defendants housed at BOP facilities are commonly known and referred to as federal inmates.

16.     Deputy Attorney General Lisa O. Monaco explained that the most important role of the BOP is "providing safe and humane treatment of all who are in their custody.[1]"

17.     Based upon Plaintiff's informed belief, the BOP operates correctional facilities across the United States that house federal inmates.

18.     Based upon Plaintiff's informed belief, the BOP employ's individuals that are charged with maintaining the safety and security of each of its correctional facilities.

19.     Based upon Plaintiff's informed belief, individuals employed by the BOP to provide safety and security at its correctional facilities are commonly known and referred to as correctional officers.

20.     Based upon Plaintiff's informed belief, prior to being hired by the BOP prospective employees are required to undergo various background checks.

21.     Based upon Plaintiff's informed belief, upon their hiring BOP employees are required to undergo extensive training.

22.     Based upon the Plaintiff's informed belief, BOP employees are required to – among other things – abide by the Correctional Services Procedure Manual.

23.     One of the Program Objectives, as stated in the Correctional Services Procedure Manual, provides that "security will be maintained by well-trained, highly professional correctional staff, guided by clearly written policy and procedures and led by Captains and Lieutenants who monitor operations, train, advise, and consult with staff"[2].

24.     Based upon Plaintiff's informed belief, USP Big Sandy is a facility operated by the BOP that houses federal inmates.

---

[1]*See:  Department of Justice, Correctional Officer at FCI Dublin Charged, March 23, 2022, www.justice. gov/opa/pr.*
[2]*See:  USDOJ, Program Statement 5500.14, August 1, 2016, Page 2, Section 2(b).*

25.    Based upon Plaintiff's informed belief, USP Big Sandy is located in Inez Kentucky, which is situated within the geographical boundaries of the Eastern District of Kentucky.

26.    Based upon Taylor's informed belief, the hierarchy of staff positions at USP Big Sandy was, at all relevant times as follows:



27.    At all relevant times, Taylor was confined by the BOP to USP Big Sandy.

28.    Based upon Taylor's informed belief, at all relevant times Pearce held the title as Lieutenant within the BOP and as assigned to USP Big Sandy.

29.    Based upon Taylor's understanding of the hierarchy at USP Big Sandy, Correctional Officers reported to him as a superior.

30.    Based upon Taylor's understanding of the hierarchy at USP Big Sandy, Pearce reported to the Captain.

31.    Based upon Taylor's informed belief, at all relevant times Pauley held the title as Captain's Secretary within the BOP and as assigned to USP Big Sandy.

32.    Based upon Taylor's understanding of the hierarchy at USP Big Sandy, Pauley reported to the Captain.

33.    Based upon Taylor's informed belief, at all relevant times Patrick held the title as Case Management Coordinator within the BOP and as assigned to USP Big Sandy.

34.    Based upon Taylor's understanding of the hierarchy at USP Big Sandy, Patrick reported to the Associate Warden.

35.    Based upon Taylor's informed belief, even though Pauley and Patrick held other titles, they could work as Corrections Officer within USP Big Sandy and be assigned to inmate custody.

36.    According to the BOP they are presently in a "hiring frenzy"[3].

37.    In May 2021, the Associated Press reported that "Nearly one-third of federal correctional officer jobs in the United States are vacant, forcing prisons to use cooks, teachers, nurses and other workers to guard inmates….The expanded use of that practice, known as augmentation, is raising questions about whether the agency can carry out its required duties to ensure the safety of prisoner and staff members."[4]

38.    While housed at various BOP facilities, Taylor has experienced multiple occasions where BOP employees not typically assigned to inmate custody will work a shift covering custody.

39.    On April 29, 2021 Taylor reported to the Lieutenants office at USP Big Sandy.

40.    Upon arriving at the Lieutenants office, Taylor requested that he be placed in protective custody.

---

[3] See: https://www.bop.gov/resources/news/20210210_hiring_frenzy.jsp (last visited September 8, 2022)
[4] See: NBC News, *Federal Prisons Forced to Used Cooks, Nurses, to Guard Inmates*, May 21, 2021, http://www.nbcnews.com.

41.     Pearce, who was the on-duty lieutenant at the time, denied Taylor's request for placement in protective custody. Pearce gave no reason or explanation as to why the request was denied.

42.     Based upon Taylor's informed belief and recollection, Patrick and Pauley were in the Lieutenants Office along with Pearce when he arrived.

43.     Before he could leave the Lieutants Office Patrick and Pauley, without any provocation whatsoever, began viscously punching and assaulting a defenseless Taylor while Pearce looked on.

44.     As a result of the vicious assault by Patrick and Pauley, Taylor suffered injuries to his face and head.

45.     Based upon Taylor's informed belief, despite witnessing the assault and seeing visible injuries, Pearce would later encourage BOP employees to draft reports stating that Taylor left the Lieutenants Office "without incident".

46.     Based upon Taylor's informed belief, security cameras are present throughout USP Big Sandy. However, for reasons unknown no cameras are located within the Lieutenants Office.

47.     Following the vicious assault, Taylor was forcible escorted to housing unit A1.

48.     Once in housing Unit A1, Taylor told the assigned correctional officer of the assault that occurred in the Lieutenants Office.

49.     Based upon Taylor's informed belief and recollection, after learning of the assault the assigned Unit Officer contacted the Case Manager for A1 unit to seek guidance as to what to do.

50.    Taylor recalls the Unit Officer and Case Manager discussing what they should do. At one point, the Unit Officer suggested contacting the Assistant Warden. However, the Case Manager advised that was not a good idea because "he was in on it".

51.    Eventually the Case Manager and Unit Officer arranged for Taylor to receive medical treatment.

52.    For reasons unknown, Taylor was informed by the Case Manager and Unit Officer that Pearce would escort him to the medical facility at USP Big Sandy. When Taylor protested, out of fear for his life, the Unit Manager agreed to also accompany Taylor to the medical unit.

53.    Upon arriving at the medical unit, Jane Doe saw Taylor.

54.    For reasons unknown, Pearce remained in the examination room while Jane Doe conducted her examination of Taylor.

55.    Jane Doe made no attempt to ask Pearce to leave the examination room.

56.    Pearce's presence in the examination room prevented Taylor from fully disclosing the nature of the assault and instead forced him to only state that he had "got beat up".

57.    When Jane Doe evaluated Taylor he presented with cuts, laceration and swelling to the face and head area – all consistent with trauma.

58.    X-Rays' confirmed that, as a result of the assault, Taylor suffered a broken nose.

59.    As a result of the assault, Taylor also suffers from sensitive to light and blurred vision.

60.    After Jane Doe completed her examination, Taylor was placed in the Special Housing Unit ("SHU") at USP Big Sandy.

61.     Based upon Taylor's informed belief, the SHU as USP Big Sandy is comprised of two-man cells with a solid door. The solid door contains a small window and a hatch that can be unlocked. The hatch is wide enough to place food trays in. The cells are not soundproof.

62.     Based upon Taylor's recollections, while in the SHU, correctional officers would routinely walk-by to check on inmates. During these walk bye's inmates could ask correctional officers for various items.

63.     Taylor asked John Doe's 1-5 on various occasions for an administrative remedy form so that he could complain about the assault he suffered at the hands of Patrick and Pauley – as well as the intimidation he was subjected to by Pearce.

64.     John Doe's 1-5 each refused to provide Taylor with an administrative remedy form when requested.

65.     Based upon Taylor's informed belief, the BOP established the administrative remedy process to provide inmates with an opportunity to resolve issues that occur within the institution and/or to grieve about something BOP staff did or did not do that affects them.

66.     The BOP's administrative remedy program is governed by Program Statement 1330.18.

67.     Taylor was not able to obtain the necessary administrative remedy forms until he was transferred from USP Big Sandy.

68.     Based upon Taylor's informed belief, a Federal Grand Jury situated within this judicial district returned a multicount indictment against Pearce, Patrick, and Pauley as a result of their involvement in his assault[5].

---

[5] See: https://oig.justice.gov/news/press-release/three-big-sandy-employees-indicted-civil-rights-violations (last visited September 5, 2022)

69.    It was not until the Federal Grand Jury Indictment was returned that Taylor discovered the names of all of the BOP employees that were involved in his assault.

70.    Based upon Taylor's informed belief the Federal Grand Jury indictment was returned on or about May 27, 2022.

71.    Taylor attempted to determine the names of the BOP employees involved in his assault prior to the unsealing of the Federal Grand Jury Indictment, was unable to do so.

72.    Based upon Taylor's informed belief, Pearce and other BOP employees conspired to cover-up the assault in an effort to prevent him from learning the true identity of the parties involved.

73.    Prior to bringing this action, Taylor exhausted his administrative remedies as it relates to the acts, actions, and/or omissions of the Defendants.

74.    Prior to bringing this action, Taylor administratively exhausted his FTCA claims against the BOP and received a final denial dated March 16, 2021 and mailed on March 22, 2021.

## COUNT 1
## FTCA CLAIM AGAINST DEFENDANT BOP
### NEGLIGENCE

75.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

76.    The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Kentucky. See: *28 U.S.C. §1346(b)*.

77.    Under Kentucky law, an actionable claim for negligence requires a showing that: 1) the defendant had a legal duty of care; 2) the defendant breached that duty; 3) the plaintiff

suffered injury as a result of the breach; 4) that the defendant's breach caused the plaintiff's injury[6].

78.    Defendant BOP owed a legal duty of care to Taylor as a committed person in its custody.

79.    Defendant BOP breached the duty of care it owed to Taylor when it failed to properly train its officers to ensure a safe and secure correctional environment.

80.    Defendant BOP breached the duty of care it owed to Taylor by allowing underqualified and/or unqualified persons to serve as Correctional Officers.

81.    Defendant BOP breached the duty of care it owed to Taylor by permitting a culture to foster at USP Big Sandy that encouraged staff members to look the other way when inmates civil rights were violated.

82.    Defendant BOP breached the duty of care it owed to Taylor by not ensuring that cameras were present and operational in the Lieutenant's Office at USP Big Sandy.

83.    The acts, actions and/or omissions of Defendant BOP led to Taylor being assaulted and intimidated by Pearce, Pauley, and Patrick.

84.    The acts, actions, and/or omissions of Defendant BOP is indirect violation of the provisions set forth in 18 U.S.C. §4042

85.    The acts, actions and/or omissions of Defendant BOP as described in herein, resulted in Taylor sustaining serious injuries.

86.    The acts, actions and/or omissions of Defendant's BOP constitute negligence under Kentucky law.

---

[6] See e.g: *Grubbs v. Barbourville Family Health Center., P.S.C., 120 S.W. 3d 682, 689 (Ky. 2003).*

87.    As a result of the acts, actions, and/or omissions of Defendant Plaintiff is entitled
to actual and compensatory damages.

## COUNT II
## FTCA CLAIM AGAINST DEFENDANT BOP
### *NEGLIGENT HIRE/RETENTION/SUPERVISION*

88.    Plaintiff repeats and realleges each and every allegation set forth above as if fully
set forth herein.

89.    The BOP as an agency of the United States, may be sued under the FTCA, as if it
were a private person and/or entity, for violation of laws of the State of Kentucky.  See: *28
U.S.C. §1346(b).*

90.    Kentucky law recognizes a separate cause of action for negligent hire, retention
and/or supervision of employees.

91.    Defendant BOP negligently hired and/or failed to adequately supervise
Defendant's Patrick, Pauley, Pearce, Jane Doe, and John Doe's 1-5.

92.    Defendant BOP breached the duty of care it owed to Taylor when it negligently
hired and/or failed to adequately supervise Defendant's Patrick, Pauley, Pearce, Jane Doe, and
John Doe's 1-5.

93.    The acts, actions, and/or omissions of Defendant BOP is indirect violation of the
provisions set forth in 18 U.S.C. §4042

94.    The acts, actions and/or omissions of Defendant BOP as described in herein,
resulted in Taylor sustaining serious injuries.

95.    The acts, actions and/or omissions of Defendant's BOP constitute negligent hire,
retention and/or supervision of employees under Kentucky law.

96.     As a result of the acts, actions, and/or omissions of Defendant Plaintiff is entitled to actual and compensatory damages.

## COUNT III
## FTCA CLAIM AGAINST DEFENDANT PATRICK, DEFENDANT PAULEY, AND DEFENDANT PEARCE ACTING IN THEIR OFFICIAL CAPACITY
### *CIVIL BATTERY*

97.     Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

98.     Defendant's Patrick, Pauley, and Pearce were acting in their official capacity as employees of the BOP, an agency of the United States, and may be sued under the FTCA as if they were a private person, for violation of the laws of the State of Kentucky. See: *28 U.S.C. §1346(b)*

99.     At all relevant times, Defendant's Patrick, Pauley, and Pearce were acting within the scope of their employment as a corrections officer for the BOP.

100.    Under Kentucky law, civil battery is defined as "any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him, intent is an essential element."[7]

101.    The acts, actions and/or omissions of Defendant's Patrick, Pauley, and Pearce constitute civil battery under Kentucky law.

102.    As a result of the acts, actions, and/or omissions of Defendant's Patrick, Pauley, and Pearce Plaintiff is entitled to actual and compensatory damages.

---

[7]See: *Graves v. Dairyland Insurance Group*, 538 S.W. 2d. 42 (Ky, 1976).

## COUNT IV
## FTCA CLAIM AGAINST DEFENDANT JANE DOE
## AND DEFENDANT PEARCE
## ACTING IN THEIR OFFICIAL CAPTAINCY
### *INVASION OF PRIVACY BY INTRUSION*

103.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

104.    Defendant's Jane Doe and Pearce were, at all relevant times, acting in their official capacity as employees of the BOP, an agency of the United States, and may be sued under the FTCA as if she were a private person, for violation of the laws of the State of Kentucky.  See:  *28 U.S.C. §1346(b)*

105.    Under Kentucky law, an actionable claim for invasion of privacy by intrusion requires a showing that: 1) an intentional intrusion by the defendant ; 2) into a matter which the plaintiff has a right to keep private; 3) by the use of a method which is objectionable to the reasonable person[8].

106.    As a healthcare professional, Jane Doe is keenly aware of the commonly known fact that patients are entitled to privacy within receiving non-emergency medical care.

107.    Even as a non-healthcare professional, Pearce knew or should have known, that Taylor had an expectation of privacy when receiving medical care.

108.    Taylor did not waive his expectation of privacy prior to Jane Doe providing medical advice and care.

109.    Taylor's expectation of privacy, relating to medical treatment, is not forfeited by virtue of his confinement within the BOP.

---

[8]See:  *Smith v. Bob Smith Chevrolet, Inc.,* 275 F. Supp. 2d 808, 822 (W.D. Ky 2003).

110.    Jane Doe knowingly and willingly violated Taylor's expectation of privacy when she provided otherwise protected medical information to him while Pearce was in the examination room.

111.    Pearce knowingly and willingly violated Taylor's expectation of privacy when he insisted on staying in the examination room while Taylor received medical care.

112.    Any reasonable person would find the actions of Jane Doe and Pearce, as set forth herein, highly offensive.

113.    The acts, actions and/or omissions of Defendant's Jane Doe and Pearce constitutes invasion of privacy by intrusion under Kentucky law.

114.    As a result of the acts, actions, and/or omissions of Defendant's Jane Doe and Pearce Plaintiff is entitled to actual and compensatory damages.

## COUNT V
## FTCA CLAIM AGAINST DEFENDANT PEARCE, DEFENDANT PAULEY, DEFENDANT PATRICK AND DEFENDANT JOHN DOE'S 1-5 ACTING IN THEIR OFFICIAL CAPACITY
### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

115.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

116.    Defendant's Pearce, Pauley, Patrick, and John Doe's 1-5 were, at all relevant times, acting in their official capacity as employees of the BOP, an agency of the United States, and may be sued under the FTCA as if they were a private person, for violation of the laws of the State of Kentucky. See: *28 U.S.C. §1346(b)*

117.    Under Kentucky law, the elements of intentional infliction of emotional distress are (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency

18

and morality; (3) the must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe."[9]

118. The acts, actions, and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 were intentional and/or reckless.

119. The acts, actions, and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 offend the generally accepted standards of decency and morality.

120. The acts, actions, and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 caused Taylor not just a significant injury but also severe emotional distress.

121. The acts, actions and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 constitutes intentional infliction of emotional distress under Kentucky law.

122. As a result of the acts, actions, and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 Plaintiff is entitled to actual and compensatory damages.

## COUNT VI
## FTCA CLAIM AGAINST DEFENDANT PEARCE, DEFENDANT PAULEY, DEFENDANT PATRICK AND DEFENDANT JOHN DOE'S 1-5 ACTING IN THEIR OFFICIAL CAPACITY
### *CIVIL CONSPIRACY*

123. Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

124. Defendant's Pearce, Pauley, Patrick, and John Doe's 1-5 were, at all relevant times, acting in their official capacity as employees of the BOP, an agency of the United States, and may be sued under the FTCA as if they were a private person, for violation of the laws of the State of Kentucky. See: *28 U.S.C. §1346(b)*

---

[9]See: *Kroger Co. v. Wilgruber, 920 S.W. 2d 61, 65 (Ky. 1996).*

125.    Under Kentucky law, for an actionable claim of civil conspiracy the following must be proven: (1) the presence of an unlawful/corrupt combination or agreement between the alleged conspirators; (2) to do some concerted action or unlawful act[10].

126.    Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 conspired to cover-up the assault that happened to Taylor.

127.    The assault that happened to Taylor that Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 conspired to cover-up, constitutes a concerted action.

128.    The acts, actions and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 constitutes civil conspiracy under Kentucky law.

129.    As a result of the acts, actions, and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 Plaintiff is entitled to actual and compensatory damages.

## COUNT VII
## FTCA CLAIM AGAINST DEFENDANT BOP, DEFENDANT JANE DOE, DEFENDANT AND DEFENDANT JOHN DOE'S 1-5 ACTING IN THEIR OFFICIAL CAPACITY
### *NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

130.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

131.    The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Kentucky. See: *28 U.S.C. §1346(b).*

132.    Defendant's Jane Doe and John Doe's 1-5 were, at all relevant times, acting in their official capacity as employees of the BOP, an agency of the United States, and may be sued

---

[10]See: *Montgomery v. Milam, 910 S.W. 2d 237, 239 (Ky. 1995)*

under the FTCA as if they were a private person, for violation of the laws of the State of Kentucky. See: *28 U.S.C. §1346(b)*

133.     Under Kentucky law, claims of negligent infliction of emotional distress are "analyzed in accordance with common law negligence" – though a showing of "severe or serious" injury must be established[11].

134.     Defendant's BOP, Jane Doe, and /or John Doe's 1-5 acted negligently with respect to the events leading up to and/or after Taylor was assaulted by Pauley and Patrick.

135.     The acts, actions and/or omissions of Defendant's BOP, Jane Doe, and /or John Doe's 1-5 constitutes negligence infliction of emotional distress under Kentucky law.

136.     As a result of the acts, actions, and/or omissions of Defendant's Pearce, Pauley, Patrick, and/or John Doe's 1-5 Plaintiff is entitled to actual and compensatory damages.

## COUNT VIII
## FTCA CLAIM AGAINST DEFENDANT BOP
### *EIGHTH AMENDMENT – FAILURE TO PROTECT*

137.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

138.     The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Kentucky. See: *28 U.S.C. §1346(b)*.

139.     Taylor has a Constitutionally protected right under the Eighth Amendment to the United States Constitution to be housed in a safe and secure environment while in the custody of the BOP.

---

[11]See: *Osborne v. Keeney, 399 S.W. 3d 1, 17 (Ky. 2012)*.

140.    Taylor has a Constitutionally protected right under the Eighth Amendment to be housed in a facility that is free from cruel and unusual punishment.

141.    Defendant BOP's acts, actions, and/or omission violated Taylor's Constitutionally protected Eighth Amendment right.

142.    As a result of the acts, actions, and/or omissions of Defendant Plaintiff is entitled to actual and compensatory damages.

## COUNT IX
### *BIVENS v. SIX UNKNOWN AGENTS*
### AGAINST DEFENDANT PEARCE, DEFENDANT PATRICK, DEFENDANT PAULEY, DEFENDANT JANE DOE, AND DEFENDANT'S JOHN DOE 1-5
### *EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT*

143.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

144.    The Supreme Court has recognized that monetary damage claims can be brought against the United States for claims relating to prison officials' failure to "take reasonable measures to guarantee the safety of inmates"[12].

145.    Taylor has a Constitutionally protected right under the Eighth Amendment to the United States Constitution to be housed in a safe and secure environment while in the custody of the BOP.

146.    Taylor has a Constitutionally protected right under the Eighth Amendment to the United States Constitution not to be subjected to cruel and unusual punishment while in the custody of the BOP.

---

[12]See: *Farmer v. Brennan*, 511 U.S. 825 (1994).

147.    Taylor has a Constitutionally protected right under the Eighth Amendment to the United States Constitution to be provided adequate and medical care in private.

148.    The acts, actions, and/or omissions of Defendant's Pauley, Patrick, Pearce, Jane Doe, and/or John Doe's 1-5 constitute a violation of Taylor's Constitutional right to be free from cruel and unusual punishment.

149.    As a result of the acts, actions, and/or omissions of Defendant's Pauley, Patrick, Pearce, Jane Doe, and/or John Doe's 1-5 Plaintiff is entitled to actual and compensatory damages.

## SUPPLEMENTAL STATE LAW CLAIMS

## COUNT X
## CIVIL ASSAULT AND BATTERY
## AGAINST DEFENDANT PATRICK AND DEFENDANT PAULEY IN
## THEIR INDIVIDUAL CAPACITY

150.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

151.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

152.    Kentucky state law recognizes a cause of action for civil assault and battery.

153.    Defendant's Patrick and Pauley committed the action of civil assault and battery upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

154.    Despite exercising due diligence, the full identity of Defendant's Patrick and Pauley only became known to Taylor recently.

155.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332.*

156.    The acts, actions and/or omissions of Defendant's Patrick and Pauley constitute a violation of Kentucky's civil assault and battery statute .

157.    As a result of the acts, actions, and/or omissions of Defendant's Patrick and Pauley Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

**COUNT XI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT PATRICK, DEFENDANT PAULEY AND**
**DEFENDANT PEARCE**
**IN THEIR INDIVIDUAL CAPACITY**

158.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

159.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

160.    Kentucky state law recognizes a cause of action for the intentional infliction of emotional distress.

161.    Defendant's Patrick, Pauley, and Pearce committed the act of intentional infliction of emotional distress upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

162.    Despite exercising due diligence, the full identity of Defendant's Patrick, Pauley, and Pearce only became known to Taylor recently.

163.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332.*

164.    The acts, actions and/or omissions of Defendant's Patrick, Pauley, and Pearce constitute a violation of Kentucky's intentional infliction of emotional distress statute .

165.    As a result of the acts, actions, and/or omissions of Defendant's Patrick, Pauley, and Pearce Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

## COUNT XII
## INVASION OF PRIVACY BY INTRUSION
## AGAINST DEFENDANT PEARCE
## IN HIS INDIVIDUAL CAPACITY

166.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

167.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

168.    Kentucky state law recognizes a cause of action for invasion of privacy by intrusion.

169.    Defendant Pearce committed the act of invasion of privacy by intrusion upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

170.    Despite exercising due diligence, the full identity of Defendant Pearce only became known to Taylor recently.

171.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332*.

172.    The acts, actions and/or omissions of Defendant Pearce constitutes a violation of Kentucky's invasion of privacy by intrusion statute .

173.    As a result of the acts, actions, and/or omissions of Defendant Pearce Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

## COUNT XIII
## CIVIL HARASSMENT
## AGAINST DEFENDANT PEARCE
## IN HIS INDIVIDUAL CAPACITY

174.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

175.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

176.    Kentucky state law recognizes a cause of action for civil harassment.

177.    Defendant Pearce committed the act of civil harassment upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

178.    Despite exercising due diligence, the full identity of Defendant Pearce only became known to Taylor recently.

179.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332*.

180.    The acts, actions and/or omissions of Defendant Pearce constitutes a violation of Kentucky's civil harassment statute .

181.    As a result of the acts, actions, and/or omissions of Defendant Pearce Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

## COUNT XIV
## TERRORISTIC THREATING
## AGAINST PEARCE
## IN HIS INDIVIDUAL CAPACITY

182.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

183.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

184.    Kentucky state law recognizes a cause of action for terroristic threating.

185.    Defendant Pearce committed the act of terroristic threating upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

186.    Despite exercising due diligence, the full identity of Defendant Pearce only became known to Taylor recently.

187.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332*.

188.    The acts, actions and/or omissions of Defendant Pearce constitutes a violation of Kentucky's terroristic threating statute .

189.    As a result of the acts, actions, and/or omissions of Defendant Pearce Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

## COUNT XV
## MENACING
## AGAINST DEFENDANT PATRICK, DEFENDANT PAULEY AND DEFENDANT PEARCE IN THEIR INDIVIDUAL CAPACITY

190.    Plaintiff repeats and reallege each and every allegation set forth above as if fully set forth herein.

191.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

192.    Kentucky state law recognizes a cause of action for menacing.

193.    Defendant's Patrick, Pauley, and Pearce committed the act of menacing upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

194.    Despite exercising due diligence, the full identity of Defendant's Patrick, Pauley, and Pearce only became known to Taylor recently.

195.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332.*

196.    The acts, actions and/or omissions of Defendant's Patrick, Pauley, and Pearce constitute a violation of Kentucky's menacing statute .

197.    As a result of the acts, actions, and/or omissions of Defendant's Patrick, Pauley, and Pearce Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

## COUNT XVI
## CIVIL CONSPIRACY
## AGAINST DEFENDANT PATRICK, DEFENDANT PAULEY AND DEFENDANT PEARCE
## IN THEIR INDIVIDUAL CAPACITY

198.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

199.    Because USP Big Sandy resides within the geographical boundaries of the State of Kentucky, supplemental state law claims must be adjudicated under the laws, standards, and customs of the State of Kentucky.

200.    Kentucky state law recognizes a cause of action for civil conspiracy.

201.    Defendant's Patrick, Pauley, and Pearce committed the act of civil conspiracy upon Taylor, as defined under the laws, standards, and customs of the State of Kentucky.

202.    Despite exercising due diligence, the full identity of Defendant's Patrick, Pauley, and Pearce only became known to Taylor recently.

203.    Taylor is no longer housed at a correctional facility within the State of Kentucky. Therefore, this Court retains jurisdiction, even if all federal claims are resolved. See: *28 U.S.C. §1332*.

204.    The acts, actions and/or omissions of Defendant's Patrick, Pauley, and Pearce constitute a violation of Kentucky's civil conspiracy statute .

205.    As a result of the acts, actions, and/or omissions of Defendant's Patrick, Pauley, and Pearce Plaintiff is entitled to actual and compensatory damages in an amount sufficient enough to invoke the jurisdiction of this Court.

## DEMAND FOR PUNITIVE DAMAGES

206.    As a result of the acts, actions and/or omissions of the Defendants as complained of in Counts 1 – 16 herein, an award of punitive damages is appropriate against one and/or all of the Defendants.

207.    The actions of one or more of the Defendants were wrongful, oppressive, and/or malicious.

## JURY TRIAL DEMANDED

208.    Plaintiff respectfully demands a trial by jury as to all issues raised herein and as may be raised in later filings in this proceeding.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a.    Judgment against one or more of the Defendant's on one or more of the Counts asserted herein;

b.    An award of actual and compensatory damages against one or more of the Defendant's;

c.    An award of punitive damages against one or more of the Defendants for their wrongful, oppressive, and/or malicious actions;

d.    All reasonable costs herein expended; and

e.    Any and all other relief the Court may deem just and equitable.

Respectfully Submitted,

Corey Taylor
Reg. Number: 18421-030
United States Penitentiary Atwater
P.O. Box 019001
Atwater, California 95301


## VERIFICATION

I, Corey Taylor, do hereby affirm and declare under penalty of perjury that the information contained in this Complaint is, to the best of my reasonable information and belief, true correct and accurate.

Corey Taylor